UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MANAGEMATICS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>EBAY, INC.,<br><br>    Defendant. | CIVIL ACTION<br>NO. 1:20-cv-12047-RWZ |

## DEFENDANT EBAY INC.'S MOTION FOR LEAVE TO FILE PARTIAL MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 6(b)(1), Defendant eBay Inc. ("eBay"), by and through its undersigned counsel, respectfully requests the Court grant leave to file eBay's Partial Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (the "Summary Judgment Motion") and eBay's Statement of Uncontroverted Facts In Support of eBay's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 ("56.1"), both attached hereto.

## FACTUAL BACKGROUND

On August 5, 2022, the Court granted in part Plaintiff Managematics LLC's ("Plaintiff" and, with eBay, the "Parties") and eBay's Joint Motion to Extend the Discovery Deadlines and the Parties' Proposed Deadlines in the Local Rule 16.1(D) Joint Statement (the "Joint Extension Motion"). Dkts. 27, 35. The Joint Extension Motion included a proposed schedule for the remainder of the case, including a dispositive motion deadline of January 20, 2023. Dkt. 27. In its order granting in part and denying in part the Joint Extension Motion, this Court so ordered the

1

Parties' proposed schedule "through 12/30/2022, the deadline for completing expert discovery." Dkt. 35.  The Court did not so order the Parties' proposed dispositive motion deadline, nor did the Court otherwise set a deadline for the Parties to file dispositive motions.

During a status conference held before the Court on January 10, 2023, Plaintiff requested the opportunity to file a motion seeking to enlarge the period for both fact and expert discovery, and the Court ordered Plaintiff to file such a motion no later than January 12, 2023, with eBay's opposition, if any, to be filed no later than January 23, 2023.  Dkt. 67.  The Court also set a pre-trial conference for April 26, 2023 and a bench trial beginning on May 8, 2023.  *Id.*  Plaintiff timely filed its Motion to Enlarge the Period of Time for Discovery ("Motion to Enlarge") on January 12, 2023 (Dkts. 68-70), and eBay timely filed its opposition on January 23, 2023 (Dkts. 73-74).  The Court denied Plaintiff's Motion to Enlarge on January 26, 2023, holding that fact discovery closed on September 30, 2022 and expert discovery closed on December 30, 2022.  Dkt. 77.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 56(b) provides that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.  Fed. R. Civ. P. 56(b).

Pursuant to Federal Rule of Civil Procedure 6(b)(1), a court may extend a case deadline for good cause "on a motion made after the [deadline] has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  Whether "an instance of neglect is (or is not) excusable has a significant equitable component and must give due regard to the totality of the relevant circumstances surrounding the movant's lapse." *Bennet v. City of Holyoke*, 362 F.3d 1, 5 (1st Cir. 2004).  Such circumstances include "the danger of prejudice to the [non-movant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including

whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The excuse given for the late filing is weighed heaviest. *Hosp. del Maestro v. N.L.R.B.*, 263 F.3d 173, 175 (1st Cir. 2001) (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir.2000)). The term "excusable neglect" permits late filings caused by both "intervening circumstances beyond the party's control" and by "inadvertence, mistake, or carelessness." *Pioneer Invs. Servs.,* 507 U.S. at 388.

## ARGUMENT

There is good cause to extend the deadline for eBay to file its Summary Judgment Motion, and any delay in seeking an extension of this deadline is a result of excusable neglect. The "good cause" standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). eBay has diligently sought an extension of its time to file its Summary Judgment Motion. After this Court issued its January 26, 2023 order denying Plaintiff's Motion to Enlarge, eBay promptly contacted Plaintiff's counsel to see if Plaintiff would consent to this Motion. Within a week after conducting the required telephonic meet and confer with Plaintiff's counsel concerning this Motion under L.R. 7.1, and three days after Plaintiff advised it would not consent to this Motion, eBay filed this Motion, and appended its Summary Judgment Motion as an exhibit to this Motion, ensuring there would be no delay between this Court's granting leave and the filing of the Summary Judgment Motion.

eBay's delay in seeking an extension of the deadline to file its Summary Judgment Motion is a result of excusable neglect. eBay did not previously seek an extension because the specific deadline for such motions was in flux. Federal Rule of Civil Procedure 56 provides that, unless

the court orders otherwise, any motions for summary judgment must be filed no later than 30 days after the close of all discovery. Fed. R. Civ. P. 56. Based on the Court-ordered schedule, expert discovery closed on December 30, 2022, so the deadline for a summary judgment motion under Federal Rule of Civil Procedure 56 was thirty days later, or January 30, 2023. However, Plaintiff filed its Motion to Enlarge of January 12, 2023, seeking to extend the discovery schedule by an additional four months (and if granted, that motion would similarly have extended the deadline for dispositive motions). Until the Court issued its January 26, 2023[1] Order denying Plaintiff's Motion to Enlarge, whether discovery was closed remained an open question—meaning the deadline for any dispositive motions was uncertain.

The First Circuit has previously held a party's failure to seek an extension of a deadline that was unclear due to issuance of a judicial order in the underlying matter constituted excusable neglect. In *Bennet v. City of Holyoke*, the First Circuit affirmed the district court's finding that the City of Holyoke's seeking leave to file its notice of appeal after the deadline for such notice constituted excusable neglect. 362 F.3d 1, 4-5 (1st Cir. 2004). The deadline for the City of Holyoke's to file its notice of appeal was thirty days after the entry of the court's order granting the plaintiff attorneys' fees, which the court issued on March 8. *Id.* at 4. The Court then issued an amended order on March 18 that was substantively identical to its March 8 order. *Id.* However, due to the issuance of this second order, the City of Holyoke believed its notice of appeal was due thirty days after this second order, rather than the court's original order on March 8, and the City of Holyoke filed its notice of appeal after the deadline as a result. *Id.* The First Circuit affirmed the district court's finding that this constituted excusable neglect such that the City of Holyoke

---

[1] The Court's order on the Motion to Enlarge was issued on Thursday, leaving only two business days until the then-controlling deadline for dispositive motions under Federal Rule of Civil Procedure 56.

should granted an extension of its time to submit its notice of appeal, as "the entry of an essentially duplicative order obfuscated matters, rendering the delay (as the district court put it) understandable." *Id.* at 5. Similarly here, until the Court issued its order on January 26, 2023, eBay understandably did not know the operative deadline for dipositive motions, which was dependent on the Court's ruling on Plaintiff's Motion to Enlarge.

The other factors also weigh in favor of finding any delay in seeking this extension constitutes excusable neglect. Plaintiff will not suffer any prejudice if eBay is permitted to file its Summary Judgment Motion because Plaintiff will have the opportunity to oppose it. Allowing eBay to file its Summary Judgment Motion will not adversely impact the schedule for these proceedings. Trial is scheduled to begin on May 8, 2023, and a pre-trial conference is scheduled for April 26, 2023. If the Court grants this Motion, eBay will immediately file the attached Summary Judgment Motion and Statement of Uncontroverted Facts, which would allow the motion to be fully briefed before the pre-trial conference. eBay's Motion for Summary Judgment seeks to streamline the issues for trial: eBay's motion addresses Plaintiff's copyright claims, and if granted, the upcoming bench trial could be narrowed to Plaintiff's trademark claims.

## CONCLUSION

For the foregoing reasons, eBay respectfully requests that the Court grant leave for eBay to file its Motion for Summary Judgment on Plaintiff's copyright claims.

Dated: February 17, 2023

*/s/ Randi W. Singer*
Patrick J. O'Toole, Jr. (BBO # 559267)
WEIL, GOTSHAL & MANGES LLP
100 Federal Street, Floor 34
Boston, MA 02110
Telephone: (617) 772-8300

Randi W. Singer (*pro hac vice*) (NY Bar No. 2946671)
Taylor B. Dougherty (*pro hac vice*) (NY Bar No. 5526561)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Email: randi.singer@weil.com
Email: taylor.dougherty@weil.com

*Counsel for Defendant eBay Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MANAGEMATICS LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>EBAY, INC.,<br><br>      Defendant. | CIVIL ACTION<br>NO. 1:20-cv-12047-RWZ |

**[PROPOSED] ORDER GRANTING DEFENDANT EBAY INC.'S
MOTION FOR LEAVE TO FILE PARTIAL MOTION FOR SUMMARY JUDGMENT**

This matter comes before this Court on Defendant eBay Inc.'s Motion for Leave to File Partial Summary Judgment (Dkt. No. ____). Upon consideration of Defendant eBay Inc.'s Motion, it is hereby:

ORDERED that the Motion is GRANTED.

SO ORDERED.

                                              The Honorable United States District Judge Rya W. Zobel

Date: _____

**CERTIFICATE OF SERVICE**

I, Randi W. Singer, hereby certify that on the 17th day of February 2023, I caused the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Randi W. Singer*
Randi W. Singer (*pro hac vice*)
(NY Bar No. 2946671)